

FILED

OCT - 3 2018

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-16-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| RICHARD DEAN MILLER, | |
| Defendant. | |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed August 27, 2018. (Doc. 46). Judge Cavan recommends this Court grant Defendant Richard Dean Miller's motion to suppress evidence seized from his backpack.

## I. Standard of review

The government filed timely objections to the findings and recommendation. (Doc. 49). The government is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which it properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

## II. Government's objections

The government does not object to Judge Cavan's factual findings. The Court adopts the facts found by Judge Cavan in full.

The government objects to Judge Cavan's recommendation that Carla Saunders did not have actual or apparent authority to consent to a search of Miller's backpack and that Miller had not abandoned the backpack.

The government raises the additional objection that public safety excused the warrantless search of Miller's backpack. The government did not raise this argument to Judge Cavan. The Court declines to entertain it now.

## III. Discussion

### A. Saunders did not have actual authority to consent to the search of Miller's backpack because Miller was a joint tenant of the room

The government argues Saunders had actual authority to consent to a search of the backpack because Miller was Saunders' unwanted guest and left his backpack there without her permission. (Doc. 49 at 8-13). The Court disagrees.

Fourth Amendment rights are informed, rather than limited, by property law. *Georgia v. Randolph*, 547 U.S. 103, 110 (2006). For Fourth Amendment purposes, a person is a joint tenant when he has "mutual use" and "joint access or control" of the property. *Randolph*, 547 U.S. at 110 (quoting *United States v. Matlock*, 415 U.S. 164, 171 n. 7 (1973)). In *Illinois v. Rodriguez*, the Supreme Court considered several factors in determining whether a person was a joint

2

tenant, such as whether she lived there, whether she kept her belongings there, whether she spent nights there, whether she was ever there alone, whether her name was on the lease, whether she paid rent, and whether she had a key. 497 U.S. 177, 181-182 (1990).

Here, the room was registered to Saunders, but Miller paid for the room, had a key, accessed the room freely, kept his backpack in the room, stayed in the room, and was in the room and the hotel lobby during both morning and night hours.[1] (Doc. 46 at 2-6). The fact the room was registered to Saunders indicates she was a tenant, but it does not weigh against Miller's own claim of tenancy. Hotel rooms are generally only registered under one name, regardless of who actually uses it. When asked whose room it was, Saunders stated it was registered under her name, but she did not claim it was solely hers. (Doc. 49 at 6-7). Based on this record, the Court concludes Miller was a joint tenant because the facts indicate he was mutually using the room and had joint access and control.

As a joint tenant, Miller had a legitimate expectation of privacy in the hotel room and his backpack within the hotel room. *United States v. Young*, 573 F.3d 711, 715-716 (9th Cir. 2009); *United States v. Fultz*, 146 F.3d 1102, 1105 (9th Cir. 1998) (A person "does not forfeit [his] expectation of privacy merely because the

---

[1] The fact Miller paid for the room did not make it into the record, but both the government and Miller state in their briefs that it is true. The Court accepts the fact as stipulated. (Doc. 34 at 6); (Doc. 42 at 3).

3

container is located in a place that is not controlled exclusively by the container's owner."). Of course, Miller's legitimate expectation of privacy in the hotel room is limited to the extent Saunders has the equally legitimate right, in Miller's absence and without his objection, to allow others into the hotel room, including the police. *See generally Randolph*, 547 U.S. at 110-120. But Saunders' right extends only to areas and objects of common control, use, and authority; it does not extend to closed containers within the hotel room over which Saunders has no authority or control. *United States v. Karo*, 468 U.S. 705, 725 (1984) (O'Connor, J., concurring). More importantly, as a joint tenant rather than Miller's host, Saunders could not override Miller's expectation of privacy in his closed containers. *Compare United States v. Patrick*, 959 F.2d 991, 998 (D.C. Cir. 1991) (abrogated on other grounds) (Host had actual authority to consent to search of bedroom used exclusively by guest, where guest moved into apartment without permission) *with United States v. Welch*, 4 F.3d 761, 764-765 (9th Cir. 1993) (joint-lessee had actual authority to consent to search of car but not his joint-lessee's purse within car); *see also United States v. Davis*, 332 F.3d 1163, 1167-1170, 1169 n. 4 (9th Cir. 2003) (co-tenant had actual authority to consent to search of apartment but not to roommate's bedroom and roommate's boyfriend's bag within bedroom).

Here, the government argues Saunders had actual authority to consent to the search of Miller's backpack because Miller was an unwanted guest who left his backpack there without permission. (Doc. 49 at 8-13). The Court is unconvinced Saunders' statements to the police conveyed that message, but regardless, as discussed above, Miller was not Saunders' guest, he was her co-tenant. His absence and her statements are relevant to whether Saunders had apparent authority to consent to the search of Miller's backpack, but they cannot negate Miller's legitimate expectation of privacy in his backpack, which he stored in the hotel room, to which he was a co-tenant. The Court agrees with Judge Cavan that Saunders did not have actual authority to consent to a search of Miller's backpack.

**B.     It was objectively unreasonable for the officers to believe Saunders had apparent authority to consent to the search of Miller's backpack or that Miller had abandoned the backpack**

The government contends Saunders had apparent authority to consent to a search of Miller's backpack based on the information the officers knew at the time. The government simultaneously asserts Miller's backpack was abandoned based on the information the officers knew at the time. The Court disagrees.

At the time the police searched the backpack, they knew (1) the hotel staff reported three individuals were staying in the hotel room; (2) one of the individuals was described as a white male, mid-30s, heavy, with dark gray hair and a beard, wearing a black t-shirt and jeans, and carrying a backpack; (3) the two individuals

5

in the hotel room when the officers entered did not match the description of the man who carried the backpack; (4) the two individuals in the room denied ownership of the backpack; and (5) the two individuals in the room denied knowledge of who owned the backpack. (Doc. 46 at 11-14). The Court agrees with Judge Cavan that, based on what they knew at the time, it was objectively unreasonable for the officers to conclude they had valid consent to search Miller's backpack or that the backpack had been abandoned. *United States v. Arregun*, 735 F.3d 1168, 1175 (9th Cir. 2013); *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986).

**IV. Conclusion and order**

1. Judge Cavan's findings and recommendation (Doc. 46) are adopted in full;
2. Miller's motion to suppress (Doc. 33) is granted;
3. The government's objections (Doc. 49) are overruled.

DATED this 3rd day of October, 2018.

Susan P. Watters
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE